# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

## CASE NO:

**CHRISTOPHER BAILEY,**

    Plaintiff,

v.

**CABINET DESIGN AND CONSTRUCTION, LLC,**
**d/b/a CDC WOODWORKING**
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER BAILEY, an individual ("Plaintiff"), by and through his undersigned counsel, brings this action under the Fair Labor Standards Act ("FLSA") against CABINET DESIGN AND CONSTRUCTION, LLC, d/b/a Defendant CDC WOODWORKING, a Florida Limited Liability Company, ("Defendant") for unpaid overtime compensation and hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in the Northern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in Escambia County, Florida, which is located in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

3. This Court also has supplemental jurisdiction over Plaintiff's claims under the Florida's Private Whistleblower Act ("FWA"), as they arise out of the same operative facts and circumstances as his FLSA claims.

4. Pursuant to the FLSA and the FWA, Plaintiff seeks to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

## PARTIES AND FLSA COVERAGE

5. At all times material hereto, Plaintiff was a resident of Escambia County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in Escambia County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

10. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA and the FWA.

11. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times relevant hereto, Defendant was primarily engaged in carpentering services in, among other places, Escambia County, Florida.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

17. At all times material hereto, Defendant employed ten (10) or more persons and is therefore covered under the FWA.

## FACTUAL ALLEGATIONS

18. Plaintiff worked for Defendant as an hourly paid laborer in Inventory Management from February 10, 2020, until his termination on October 14, 2020.

19. In early October of 2020, Defendant tried to force Plaintiff to sign a flagrantly unlawful document whereby Plaintiff was to "agree" that overtime would not be paid by Defendant unless and until he worked forty-one-and-a-half (41.5) hours in a given work week.

20. Plaintiff immediately objected to Defendant Supervisors that Defendant's actions violated the FLSA.

21. Plaintiff's objections were to actual violations of, *inter alia*, the overtime provisions of the FLSA.

22. Alternatively, Plaintiff's objections were to what Plaintiff reasonably believed to be actual violations of, *inter alia*, the overtime provisions of the FLSA.

23. Plaintiff elected not to sign the document.

24. Very shortly thereafter, Defendant retaliated by terminating Plaintiff's employment on October 14, 2020.

25. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Defendant paid Plaintiff an hourly rate of $15.50 per hour.

27. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant.

28. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

29. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

30. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

31. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

32. Defendant violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

33. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

34. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure

rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Based on the allegations in Paragraphs 33-35, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

37. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's objections to Defendant's violations of law.

38. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and requirement to consent to an underpayment of overtime wages in violation of the FLSA.

39. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices, and Defendant's violations of law, and his termination shortly thereafter.

40. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

41. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

42. The person or persons to whom Plaintiff voiced his objections to Defendant's violations of law was or were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

43. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

44. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

45. Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102 and the FLSA, and qualified Plaintiff as a whistleblower under the law.

46. Plaintiff was terminated in direct retaliation for reporting and objecting to and/or refusing to participate in Defendant's unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes, and the FLSA.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

48. Plaintiff reincorporates and re-alleges paragraphs 1, 2, 4 through 16, 18, 19, 25 through 36, and 47, above, as though fully set forth herein, and further alleges

as follows:

49. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

50. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

51. Plaintiff was not an exempt employee as defined by the FLSA.

52. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

54. Plaintiff reincorporates and re-alleges paragraphs 1, 2, 4 through 16, and 18 through 47, above, as though set forth fully herein, and further alleges as follows:

55. Plaintiff objected to Defendant's illegal pay practices and asserted violations of the FLSA.

56. Very shortly thereafter, on October 14, 2020, Defendant terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

57. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

58. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other

monetary and non-monetary losses.

59. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

60. In *EEOC v. White & Son Enter.*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for her actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

61. Plaintiff reincorporates and re-alleges Paragraphs 2 through 47, above, as if set forth fully herein, and further alleges as follows:

62. On October 14, 2020, Defendant terminated Plaintiff from his employment in violation of Fla. Stat. § 448.102(3).

63. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

64. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

65. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as

is deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 2nd day of June 2022.

Respectfully submitted,

/s/ **NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

*Counsel for Plaintiff*